# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

UNUM LIFE INSURANCE  
COMPANY OF AMERICA,

  Plaintiff,

v.

  CIVIL ACTION NO.  
  2:10-CV-0050-RWS

DANIEL NORTON,

  Defendant.

## **ORDER**

This ERISA[1] action comes before the Court on Plaintiff's Motion for Summary Judgment [19]. After a review of the record, the Court enters the following Order.

## **Preliminary Matters**

As an initial matter, Plaintiff's Statement of Material Facts [19-1] is deemed admitted because Defendant has failed to file a proper response thereto. LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*.

concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1). "). Here, Defendant has not substantively responded to Plaintiff's Motion for Summary Judgment or disputed the facts alleged therein, which are now deemed admitted.

## Background

Defendant Daniel Norton ("Defendant"), while employed by ICI Americas, Inc., participated in his company's long-term disability ("LTD") plan as governed by ERISA. Plaintiff Unum Life Insurance Company of America ("Plaintiff") ("Unum") is the claims administrator and named fiduciary of this plan.

Under the terms of the plan, "Unum has the right to recover any overpayments due to . . . [claimant's] receipt of deductible sources of income." Ex. A, Allen Aff., Dkt. No. [19-3] at 7. The policy later defines deductible sources of income to include "[t]he amount that you . . . are entitled to receive

2

as disability payments because of your disability under the United States Social Security Act." Id. at 18. The policy states that Unum will subtract any Social Security disability income ("SSDI") benefits from the "gross disability payment." Id. Due to the risk of overpayment resulting from receipt of LTD benefits and SSDI benefits at the same time, Unum gives two options to claimants. Under the Disability Payment Options/Reimbursement Agreement ("Reimbursement Agreement"), a claimant may (1) allow Unum to estimate the expected monthly SSDI benefit and take the offset against his/her LTD benefits; or (2) accept current benefits with no estimated offset and repay any overpaid LTD benefits once the SSDI is awarded. Ex. B, Allen Aff., Dkt. No. [19-4] at 4.

Defendant's claim for LTD benefits was approved on May 16, 2005, effective May 1. See Ex. B., Allen Aff., Dkt. No. [19-5] at 78-81. Upon approval, Defendant received a letter informing him that any SSDI benefits would be subtracted from his monthly LTD benefits from Unum. Id. at 80. Defendant received a similar follow up letter in June 2005. Id. at 76-77. On July 15, 2005, however, Defendant signed the Reimbursement Agreement stating his intention to accept the full amount of LTD benefits–with no

3

estimated offset for his anticipated SSDI benefit–and later repay any overpayment. Ex. B, Allen Aff., Dkt. No. [19-4] at 4. By selecting that option, Defendant agreed to "reimburse [Unum] any such overpayment within thirty (30) days of [his] receipt of such funds." Id. Further, if he failed to do so, the Reimbursement Agreement states that "[Unum] may reduce future payments under the policy in order to recover the overpaid benefits." Id.

In March 2009, Unum received notice that Defendant was approved for SSDI benefits, retroactive to October 2005. See Ex. B., Allen Aff., Dkt. No. [19-4] at 39. Unum then determined that Defendant's receipt of SSDI benefits resulted in an overpayment of LTD benefits in the amount of $77,900. See Ex. B., Allen Aff., Dkt. No. [19-4] at 28. Defendant was advised of this overpayment in a letter on March 26, 2009. Id. at 25-26. Pursuant to the Reimbursement Agreement, Unum began withholding a portion of his monthly LTD benefit to recoup the overpayment. Defendant received five more letters informing him of the overpaid benefits, but never responded. On April 30, 2010, Defendant reached the maximum benefits period under the policy, and thus, Unum could no longer deduct monthly benefits to recover the overpayment. The overpayment balance is now $65,848.40.

Plaintiff filed this ERISA action to recover the principal amount of $65,848.40, as well as reasonable attorney fees and costs of litigation. Plaintiff has now moved for summary judgment, which Defendant has failed to oppose.

## Discussion

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the

5

pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is

6

not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With these standards as a foundation, the Court turns to address the merits of Plaintiff's Motion for Summary Judgment.

## II. Restitution under Section 502(a)(3) of ERISA

Plaintiff has moved for summary judgment on its claim for recovery of the $65,848.40 in LTD benefits it has overpaid Defendant. Specifically, Plaintiff seeks restitution under Section 502(a)(3) of ERISA, which provides that a plan fiduciary may obtain "appropriate equitable relief (i) to redress [violations of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). This section has been described as a "catch all" provision that provides a "safety net" to provide appropriate equitable relief for injuries caused by violations that § 502 does not adequately address elsewhere. Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S. Ct. 1065,

134 L. Ed. 2d 130 (1996). Under this section, "equitable relief" refers to "those categories of relief that were typically available in equity." Mertens v. Hewitt Assocs., 508 U.S. 248, 256, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993).

The Supreme Court has explained that an ERISA fiduciary's claim for restitution will constitute "appropriate equitable relief" under § 502(a)(3) when it "[seeks] recovery through a constructive trust or equitable lien on a specifically identified fund." Sereboff v. Mid Atl. Med. Servs., 547 U.S. 356, 364, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006) (distinguishing from cases where the company does not seek to recover a particular fund distinct from the claimant's general assets); see also Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 214, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002) ("[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds in the defendant's possession."); Popowski v. Parrott, 461 F.3d 1367, 1373 (11th Cir. 2006) (finding appropriate equitable relief for an ERISA fiduciary's restitution claim against plan beneficiary); Mattox v. Life Ins. Co. of North America, 536 F. Supp. 2d 1307 (N.D. Ga 2008) (Batten, J.) (permitting ERISA fiduciary to

8

recover for overpayment of LTD benefits upon receipt of Social Security benefits).

Here, under the terms of the plan, if an LTD claimant receives SSDI benefits, Unum is entitled to reimbursement in past LTD benefits paid to the claimant. Further, Defendant signed the Reimbursement Agreement, in which he promised to pay back any overpaid LTD benefits within 30 days of receipt of any SSDI benefits. Thus, the Reimbursement Agreement creates a lien on a "specifically identified fund"–any LTD overpayment received by Defendant. Accordingly, the Court concludes that Plaintiff has stated a claim for "appropriate equitable relief" under § 502(a)(3) and **GRANTS** summary judgment on Plaintiff's claim for restitution.

### III. Attorney's Fees under 29 U.S.C. 1132(g)

Under ERISA's civil enforcement statute, it is within the discretion of the court to award attorney's fees and costs of an action to either party, so long as that party has achieved "some degree of success on the merits." 29 U.S.C. § 1132(g)(1); Hardt v. Reliance Std. Life Ins. Co., __ U.S. __, 130 S. Ct. 2149,

2158, 176 L. Ed. 2d 998 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694, 103 S. Ct. 3274, 77 L. Ed. 2d 938 (1983)).

Plaintiff has satisfied the initial requirement of success on the merits, and thus the question is whether an award of attorney's fees and costs is appropriate. There are five factors courts consider in deciding whether to award fees and costs in an ERISA action. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344-45 (11th Cir. 2001) ("(1) [T]he degree of opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions."). However, it is worth noting that "[no] one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address." Freeman v. Cont'l Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993) (quoting Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)). Further, "in any individual case .

10

. . other considerations may be relevant as well." Id. In light of Defendant's financial situation and potential hardship in satisfying the restitution judgment, the Court declines to require Defendant to pay attorney's fees in this action. Based on the foregoing, Plaintiff's motion for attorney's fees under 1132(g)(1) is **DENIED**.

## Conclusion

Plaintiff's Motion for Summary Judgment [19] to recover overpaid LTD benefits is **GRANTED**. Plaintiff's Motion for attorney's fees [19] is **DENIED**. Judgment shall be entered in favor of Plaintiff in the sum of $65,848.40 plus the costs of this action.

**SO ORDERED**, this  2nd  day of February, 2012.

_____
**RICHARD W. STORY**
United States District Judge